FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 31, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VUCA FARMS LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AGROREFINER LLC, a Delaware Limited Liability Company,<br><br>Defendant. | No. 1:26-cv-03109-RLP<br><br>ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT |

Before the Court is Plaintiff Vuca Farms LLC's Motion to Set Aside Order of Default, ECF No. 18, and Defendant AgroRefiner LLC's Motion for Default Judgment, ECF No. 20. Vuca Farms seeks to set aside a Clerk's Order of Default entered after it failed to timely answer AgroRefiner's counterclaims. Because the Court finds good cause exists to set aside the default, Vuca Farms' motion is granted and the Clerk's Order of Default is vacated. Accordingly, AgroRefiner's motion for default judgment is moot.

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 1

## BACKGROUND

Defendant AgroRefiner removed this matter to federal court and filed its answer and counterclaims against Vuca Farms on June 3, 2026. ECF No. 1, 2. On July 13, 2026, AgroRefiner moved for entry of default because Vuca Farms had not filed an answer to the counterclaims. ECF No. 11. According to the supporting declaration, Vuca Farms had been served with the counterclaim; receipt of service was confirmed; AgroRefiner notified Vuca Farms via email on June 26, 2026, that it intended to move for default judgment should Vuca Farms not file an answer the counterclaim within 14 days; receipt of that email was confirmed; and as of July 13, 2026, there had been no response to the AgroRefiner's counterclaim. ECF No. 12. On the same date, July 13, 2026, Vuca Farms filed its answer to the counterclaim and the Clerk of the Court issued an Order of Default against Vuca Farms. ECF No. 13, 16.

Vuca Farms now moves to set aside the Order of Default, ECF No. 18, and explains the failure to timely file was due to attorney and staff error. AgroRefiner seeks a default judgment on its counterclaims, ECF No. 20.

## LEGAL STANDARD

Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. First, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default.

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 2

FRCP 55(a). Second, once the clerk has entered default against a party, the moving party may seek default judgment. FRCP 55(b). The decision to grant default judgment lies within the discretion of the court. *PepsiCo. Inc. v. Cal Sec. Cans*, 238 F. Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

A court may set aside a default for good cause. Fed. R. Civ. P. 55(c); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The district court has discretion to determine whether a party demonstrates good cause. *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir.1969). The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.,* 783 F.2d 941, 945 (9th Cir.1986). Default judgment "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)). Accordingly, the court should resolve any doubt regarding whether to grant relief in favor of vacating default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

The court considers three factors in determining whether good cause exists: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the default had a

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 3

meritorious defense; and (3) whether reopening the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010).  Whenever "timely relief is sought ... and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default. *Mendoza,* 783 F.2d at 945–46.

## ANALYSIS

Vuca Farms contends the Order of Default should be set aside for good cause. It argues the error or errors made by attorneys or staff causing later filing of the answer were unintentional and that it should be allowed to defend the counterclaims. AgroRefiner characterizes Vuca Farms' explanation for failing to timely answer its counterclaim as intentional and strategic conduct which precludes a finding of good cause. The Court considers each of the good cause factors in turn.

### 1.  Culpable Conduct

"[A] defendant's conduct [is] culpable . . .  where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Employee Painters' Trust v. Ethan Enter., Inc.,* 480 F.3d 993, 1000 (9th Cir. 2007). Any default, whether entry or judgment, can be set aside when the party in default establishes "mistake, inadvertence, surprise or excusable neglect." *See* Fed. R. Civ. P. 60(b). A district court may exercise its discretion to deny relief

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 4

to a defaulting party based solely upon a finding of that party's culpability but is not required to do so. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011).

Here, Vuca Farms states that the answer was prepared and ready for filing before the default order was entered, but filing was overlooked by a legal assistant newly assigned to the case. ECF Nos. 19 at 2; 26 at 3. AgroRefiner takes a harsh view of the facts described in Vuca Farms' declarations and extrapolates that Vuca Farms did not file its answer until after the deadline as a litigation tactic. ECF No. 24 at 4. The Court concludes otherwise: it appears that Vuca Farms overlooked timely preparation and filing of the answer, which was a mistake made in good faith. There is no evidence of the type of deliberate, willful, or strategic inaction which would cause the Court to deny the motion to set aside the Order of Default.

*2. Meritorious Defense*

"A meritorious defense is one which, if proven at trial, will bar [the other party's] recovery." *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) (quoting *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 803 (M.D. Pa. 1991). "The defendant is not required to prove beyond the shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face." *Id.* Vuca Farms asserts ten defenses or affirmative defenses, ECF No. 13 at 9, and notes the allegations in

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 5

its own complaint, if true, are a complete defense to AgroRefiner's counterclaims. ECF No. 18 at 6. AgroRefiner takes issue with the sufficiency of Vuca Farms' allegations and certain defenses and argues Vuca Farms cannot win based on certain alleged facts. ECF No. 20. However, at this stage of the proceedings, the defenses asserted appear to have sufficient merit to support a good cause finding.

### 3. Prejudice

Prejudice exists if circumstances have changed since entry of the default so that a party's ability to litigate its claim is impaired in some material way or if relevant evidence has become lost or unavailable. *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009). The fact that a party will be required to establish the merit of its claim does not constitute prejudice, *id.*, and the fact that a party may be denied a quick victory is not sufficient to deny relief from entry of default. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000). AgroRefiner contends it is prejudiced by the delay, but there is no prejudice established. Vuca Farms acted quickly after learning of the motion for default; in fact, it acted so quickly that the answer to AgroRefiner's counterclaims appears in the court docket before the Order of Default. At this stage of the litigation, AgroRefiner will not suffer prejudice if the default is set aside.

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 6

*4. Attorney Fees and Costs*

AgroRefiner requests attorney fees and costs based on *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988).  *Nilsson* involve extreme facts which are not present here, including that default was entered and later set aside "several times" by the district court and the defendants were found to have "followed a deliberate, willful, studied course of frustrating plaintiff's attempts at discovery, complicating proceedings, and ignoring court orders." *Id.* Based on the findings above, this Court does not find an award of fees and costs appropriate in this instance.

**Accordingly, IT IS ORDERED:**

1.   Vuca Farms LLC's Motion to Set Aside Order of Default, **ECF No. 18**, is **GRANTED**.

2.   The Clerk's Order of Default, **ECF No. 16**, is **VACATED**.

3.   Defendant AgroRefiner LLC's Motion for Default Judgment, **ECF No. 20**, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED July 31, 2026.



_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT ~ 7